UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CARL C. GILBERT,

      Plaintiff,

v.                                                        Case No. 13-C-0048

DEBORAH MCCULLOUGH,

      Defendant.

**ORDER**

On January 14, 2013, Carl C. Gilbert, Jr. filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On May 15, 2013, Gilbert filed a motion to compel alleging that Respondent and various other individuals at Sand Ridge Secure Treatment Center were interfering with his ability to proceed with his habeas petition by denying him legal loans. He stated he is unable to purchase supplies, postage, and photocopies needed to file motions or other documents in support of his petition. He also alleged his outgoing and incoming mail was being tampered with. Finally, he requested that Respondent send him copies of the institution's policies or rules pertaining to legal loans. The Court directed Respondent to file a response to Gilbert's motion.

Respondent asserts that although there was a previous misunderstanding, Gilbert has received adequate access to supplies and his ability to litigate his habeas case has not been denied or significantly restricted. (*See* ECF No. 26-2.) Respondent has also filed a copy of the institution's rules regarding legal loans. (ECF No. 26-1.) Accordingly, Respondent contends that any complaint Gilbert has regarding the institution's interference with his case concerns only the conditions of his

confinement, not the fact or duration of confinement, and must be brought as a civil rights claim. A prisoner challenging the conditions under which he is being held may bring a civil rights claim under 42 U.S.C. § 1983. *See Glaus v. Anderson*, 408 F.3d 382, 386-87 (7th Cir. 2005). Where conditions a prisoner complains of do not have "even an indirect effect on duration of punishment" it is established that "habeas corpus is not a permissible route for challenging prison conditions." *Robinson v. Sherrod*, 631 F.3d 839, 840-41 (7th Cir. 2011). Because Gilbert is able to litigate his habeas petition, as evidenced by his consistent filings and the record of supplies he has received dating back to April 8, 2013, his allegations regarding his access to the courts cannot be resolved by his habeas petition and must be brought in a separate suit, if at all. To the extent that in his reply, Gilbert asserts that he is entitled to photocopies of voluminous documents from his former attorney, the Court previously addressed the issue and denied this request. Therefore, Gilbert's motion to compel (ECF No. 20) is **DENIED**.

**SO ORDERED** this   21st   day of June, 2013.

  s/ William C. Griesbach
 William C. Griesbach, Chief Judge
 United States District Court